**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| OAK PARK ANIMAL HOSPITAL, LTD., individually and on behalf of a class of similarly-situated persons,<br><br>Plaintiff,<br><br>v.<br><br>SPECTRUM VETERINARY, LLC and NEXTMUNE US, LLC,<br><br>Defendants. | No. 22-CV-2213<br><br>Judge Sara L. Ellis<br><br>Magistrate Judge Jeffrey Cole |

## AMENDED CLASS ACTION COMPLAINT

Plaintiff, Oak Park Animal Hospital, Ltd. ("Plaintiff"), brings this action on behalf of itself and all other persons similarly situated and, except as to those allegations pertaining to Plaintiff or its attorneys, alleges the following upon information and belief against Spectrum Veterinary, LLC and Nextmune US, LLC ("Defendants"):

### PRELIMINARY STATEMENT

1. Defendants violated the Telephone Consumer Protection Act, 47 U.S.C. § 227 (the "TCPA"), by sending unsolicited advertisements by facsimile.

2. An "unsolicited advertisement" is "any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's prior express invitation or permission, in writing or otherwise." 47 U.S.C. § 227(a)(5).

3. On March 20, 2020, Plaintiff received a facsimile from "spectrum vet, a nextmune company." A true and correct copy of the March 20 fax is attached as <u>Exhibit A</u>.

4. The March 20 fax advertised the commercial availability and quality of the company's property, goods, or services: "We are still processing all allergy testing and treatment set orders as they come in, even though a majority of our employees are working remotely. We remain committed to delivering on our promised service level agreements…." <u>Exhibit A</u>.

5. Defendants were not processing any allergy testing or treatment set orders for Plaintiff at the time when they sent the fax.

6. The fax was not addressed to any person at Plaintiff's veterinary clinic, and it did not mention any animal patient or ongoing business.

7. The fax contained no opt-out notice.

8. Defendants did not have Plaintiff's prior express invitation or permission to send advertising material by fax.

9. Unsolicited commercial faxes cause concrete damage by wasting the recipients' time, interrupting their privacy, tying up telephone lines, wasting the recipients' paper and ink toner, causing undue wear and tear on fax machines, and requiring additional labor to attempt to discern the source and purpose of the unsolicited message.

10. The TCPA provides a private right of action and provides minimum statutory damages of $500 per violation. If the unsolicited advertisement was sent

knowingly or willfully, then the Court can increase the damages up to three times, or $1,500 per violation. 47 U.S.C. § 227(b)(3).

11. On behalf of itself and all others similarly situated, Plaintiff seeks statutory damages and other relief for each of Defendants' violations of the TCPA during the statutory limitations period, from March 23, 2018 (four years before this action was filed) and continuing until the Court orders notice to a certified class.

## JURISDICTION AND PARTIES

12. The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 47 U.S.C. § 227.

13. Plaintiff, Oak Park Animal Hospital, Ltd., is a veterinary clinic and animal hospital with its principal business office located at 242 Madison St., Oak Park, IL 60302.

14. Defendant Nextmune US, LLC is a Delaware limited liability company that was formed on January 19, 2017. Its principal address is located at 2801 S 35th St, Phoenix, AZ 85034. Its registered agent in Delaware is Corporate Creations Network Inc., 3411 Silverside Rd Tatnall Building, Ste. 104, Wilmington, DE 19810.

15. Defendant Spectrum Veterinary, LLC is a Delaware limited liability company that was formed on June 26, 2017. Nextmune Holding BV is its single member. Magnus Kjellberg its manager. Its principal address is located at 2801 S 35th St, Phoenix, AZ 85034. Its registered agent in Arizona is Rusing Lopez & Lizardi PLLC, 6363 N Swan Rd, Ste. 151, Tuscon, AZ 85718. Its registered agent in Delaware is Corporation Trust Center, 1209 Orange St, Wilmington, DE 19801.

16. Defendants are foreign corporations not authorized to do business in Illinois.

17. Personal jurisdiction exists over Defendants in Illinois because Defendants have committed tortious acts within the State and a significant portion of the events took place here.

**FACTS**

18. Defendants have sent unsolicited advertisements by facsimile to Plaintiff and a class of similarly-situated persons in violation of the TCPA.

19. Exhibit A is a true and correct copy of a one-page document Plaintiff received by facsimile on March 20, 2020.

20. Plaintiff's fax machine automatically printed Exhibit A to paper upon receipt.

21. Exhibit A advertises the commercial availability or quality of property, goods, or services available from "Spectrum Vet" or "Nextmune."

22. Spectrum Veterinary is a global market leader in serum allergy testing and allergen-specific immunotherapy.

23. According to a press release Defendants issued on September 1, 2020:

Spectrum Vet is a subsidiary of Nextmune, a science-driven, global specialty-pharmaceutical company dedicated to better health for dogs, cats, and horses. We have a particular passion for allergy prevention, diagnosis, and treatment. Our business is at the forefront of allergy diagnostics and immunotherapy—a unique treatment that reduces or eliminates allergic symptoms by fighting the cause of allergy. It is the first choice for treating allergies. Find more at www.nextmune.com.

24. Exhibit A references the website spectrum.vet, which states, "Starting January 4th, 2021, we will have a new name, a new brand, a new logo, and a new

4

website. We appreciate your patience during this transition. Please visit nextmune.us for more info." https://spectrum.vet/ (last checked 3/22/22).

25. Spectrum.vet states, "Nextmune is a science-drive, global specialty pharmaceutical company dedicated to better health for dogs, cats and horses by fighting the cause of allergy. The first choice for treating allergies." https://spectrum.vet/ (last checked 3/22/22).

26. Spectrum.vet states, "We are a trusted partner to veterinarians and pet parents worldwide with sales in more than 70 countries. Our presence incorporates almost 100 dedicated employees, affiliates, production facilities and distributors on a global basis. We have treated over 1 million patients since inception." https://spectrum.vet/ (last checked 3/22/22).

27. Plaintiff did not expressly invite or permit Defendants to send advertising material to Plaintiff by facsimile.

28. Exhibit A does not contain an opt-out notice.

29. On information and belief, Defendants sent Exhibit A and other unsolicited advertisements by facsimile to more than 40 persons. This allegation is based, in part, on the facts that Exhibit A is a generic form, with graphics and trademarks and no personalized information, and that faxing advertisements in bulk is an inexpensive way to reach a wide audience. Further, the header of Exhibit A shows the fax was sent to a computerized list of targets, apparently through a fax broadcaster using a telephone number in the 628 area code (San Francisco, CA) to send the faxes.

30. Upon receipt of the facsimile message, Plaintiff's fax machine automatically printed Exhibit A to paper.

31. Plaintiff and the other class members owe no obligation to protect their fax machines from Defendants' unlawful advertisements. Their fax machines are ready to send and receive their urgent or private business communications, not to receive Defendants' advertising about its availability for new work or the quality of such work.

## CLASS CERTIFICATION ALLEGATIONS

32. Plaintiff brings this action as a class action on behalf of itself and a class of all others similarly situated and initially defined as follows:

> All persons sent one or more facsimiles on any date after March 22, 2018, advertising the commercial availability or quality of property, goods, or services from "Spectrum Vet" or "Nextmune."

Excluded from the class are Defendants, any entity in which Defendants have a controlling interest, Defendants' employees, officers, and directors, Defendants' legal representatives, heirs, successors, and assigns, any Judge assigned to this action, and the Judge's immediate family.

33. The proposed class includes all persons sent any advertisement by fax, not just the fax attached to this complaint, and Plaintiff intends to identify those other advertisements in discovery. *See* Exhibit B, Demand for Preservation of All Tangible Documents Including Electronically Stored Information.

34. Plaintiff anticipates modifying the proposed class definition—including proposing subclasses if appropriate—after conducting discovery about Defendants'

6

fax advertising practices as well as discovery as to any potential affirmative defenses Defendants may plead.

35. This action is brought, and may properly be maintained as, a class action under Fed. R. Civ. P. 23, because the class is too numerous for individual joinder, common questions of law or fact predominate over individual questions, the representative party and its attorneys will fairly and adequately protect the interests of the entire class, and this class action is an appropriate method for the fair and efficient adjudication of the controversy.

36. **Numerosity/Impracticality of Individual Joinder.** On information and belief, the class includes more than forty (40) persons and, thus, is so numerous that joinder of all members is impracticable. The precise number of class members and their identities are unknown to Plaintiff, but can be obtained from Defendants' records or the records of third parties.

37. **Questions of Law or Fact Common to the Class.** There is a well-defined community of interest and common questions of law and fact that predominate over any questions affecting only individual members of the class. These common legal and factual questions, which do not vary from one class member to another, and which may be determined without reference to the individual circumstances of any class member, include, but are not limited to the following:

   a. Whether Exhibit A is an advertisement;

   b. Whether Defendants' other faxes advertised the commercial availability or quality of property, goods, or services;

   c. The manner and method Defendants used to compile or obtain the list(s) of fax numbers to which they sent advertisements by fax;

7

  d. Whether Defendants sent advertisements by fax without first obtaining express permission or invitation;

  e. Whether Defendants included a clear and conspicuous opt-out notice on the first page of each advertisement they sent by fax, containing all content the TCPA requires;

  f. Whether each Defendant is directly or vicariously liable for violating the TCPA;

  g. Whether Defendants are jointly and severally liable for the TCPA violations;

  h. Whether Plaintiff and the other class members are entitled to statutory damages;

  i. Whether the Court should enjoin Defendants from sending future advertisements by fax; and

  j. Whether the Court should award trebled statutory damages.

38. **Typicality.** Plaintiff's claims are typical of the other class members' claims.

39. **Fair and Adequate Representation.** Plaintiff will fairly and adequately protect the interests of the class. Plaintiff does not have any interests adverse to the class. Plaintiff has retained counsel who are experienced in class action litigation generally and the TCPA specifically.

40. **Predominance and Superiority.** The questions of fact or law common to class members predominate over any questions affecting only individual members, and a class action is superior to other available methods for fairly and efficiently adjudicating this controversy regarding Defendants' fax advertisements. The class members have little or no interest in individually controlling the prosecution of separate actions regarding Defendants' faxes, there appears to be no other litigation

8

concerning this controversy, there is nothing undesirable about concentrating the litigation of these claims in this court, and Plaintiff envisions no difficulty in the management of this case as a class action.

41. **Appropriateness.** A class action is an appropriate method for the fair and efficient resolution of this controversy. Plaintiff envisions no difficulty in the management of this case as a class action.

## COUNT I

## TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227

42. Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

43. Plaintiff brings Count I on behalf of itself and a class of similarly-situated persons.

44. The TCPA prohibits the "use of any telephone facsimile machine, computer or other device to send an unsolicited advertisement to a telephone facsimile machine…." 47 U.S.C. § 227(b)(1).

45. Defendants violated the TCPA by faxing advertisements to Plaintiff and the other class members without their prior express invitation or permission and, to the extent Defendants might contend advertising faxes were justified by an "established business relationship," by failing to include the required opt-out notice on the fax. 47 U.S.C. § 227(b)(2)(D); 47 C.F.R. § 64.1200(a)(4)(iii).

46. Plaintiff intends to discover and include within this case all advertisements Defendants sent by fax.

47. For itself and the other class members, Plaintiff seeks both statutory

9

damages and injunctive relief under the TCPA.

48. The TCPA provides:

> 3. <u>Private right of action</u>. A person may, if otherwise permitted by the laws or rules of court of a state, bring in an appropriate court of that state:
>
> (A) An action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,
>
> (B) An action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or
>
> (C) Both such actions.

47 U.S.C. § 227(b)(3).

49. The TCPA defines "unsolicited advertisement" as "any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's express invitation or permission." 47 U.S.C. § 227(a)(4).

50. <u>Exhibit A</u> contains material advertising the commercial availability or quality of property, goods, or services.

51. <u>Exhibit A</u> advertises the commercial availability or quality of Spectrum Vet's property, goods, or services.

52. <u>Exhibit A</u> advertises the commercial availability or quality of Nextmune's property, goods, or services.

53. Defendants sent <u>Exhibit A</u> to Plaintiff's fax number, 1-708-383-6385.

54. Upon receipt, Plaintiff's fax machine automatically printed <u>Exhibit A</u> to

10

paper.

57. Defendants did not have Plaintiff's prior express invitation or permission to send advertising material by facsimile.

56. Exhibit A contains no opt-out notice.

57. Facsimile advertising imposes burdens on unwilling recipients that are distinct from those imposed by other types of advertising, such as direct mail or television advertising.

58. Defendants knew or should have known that Plaintiff and the other class members had not given express invitation or permission to receive Defendants' advertising material by facsimile and that Defendants' faxes did not display an opt-out notice as required by the TCPA (including the FCC's regulations).

59. Defendants are liable because they sent the faxes, caused the faxes to be sent, participated in the activity giving rise to or constituting the violation, because the faxes were sent on their behalf, or under general principles of vicarious liability applicable under the TCPA, including actual authority, apparent authority, or ratification.

60. Defendants' actions caused damages to Plaintiff and the other class members. Receiving Defendants' junk faxes caused most recipients to lose paper and toner consumed in the automatic printing of Defendants' faxes. Moreover, the faxes used Plaintiff's and the class's fax machines and wasted their valuable time. Defendants' faxes unlawfully interrupted Plaintiff's and the other class members' privacy interests in being left alone. Finally, the injury and property damage

11

sustained by Plaintiff and the other class members from the sending of the faxes occurred outside Defendants' premises.

61. By using their fax machines and causing them to waste valuable business time receiving and reviewing Defendants' unsolicited facsimiles, Defendants permanently misappropriated the class members' valuable resources and converted them to Defendants' own business use.

62. Defendants' unsolicited fax advertisements imposed a burden on the telephone system used for sending and receiving facsimiles.

63. Even if Defendants did not intend to cause damage to Plaintiff and the other class members, did not intend to violate their privacy, and did not intend to waste the recipients' valuable time with Defendants' advertisements, those facts are irrelevant because the TCPA is a strict liability statute.

64. The Court, in its discretion, can treble the statutory damage for each knowing or willful violation, and Plaintiff asks that the Court do so.

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, demands judgment in its favor and against Defendants, as follows:

    A. That the Court adjudge and decree that the present case may be properly maintained as a class action, appoint Plaintiff as the representative of the class, and appoint Plaintiff's counsel as counsel for the class;

    B. That the Court award $500 in statutory damages for each of Defendants' violations of the TCPA;

    C. If the Court finds that Defendants knowingly or willfully violated

the TCPA, that the Court treble the statutory damages to $1,500 for each violation;

D. That the Court enter an injunction prohibiting Defendants from sending advertisements by fax without first demonstrating that they have obtained express invitation or permission to fax advertisements or included the required opt-out notice on each advertisement sent by fax to a person with whom Defendants have an established business relationship; and

E. That the Court award costs and such further relief as the Court may deem just and proper.

Dated: June 23, 2022

Respectfully submitted,

OAK PARK ANIMAL HOSPITAL, LTD., individually and as the representative of a class of similarly-situated persons,

By: /s/ Phillip A. Bock
      One of its attorneys

Phillip A. Bock
BOCK HATCH & OPPENHEIM, LLC
203 N. La Salle Street, Ste. 2100
Chicago, IL 60601
Telephone: 312-658-5500
Facsimile: 312-658-5555
Email: service@classlawyers.com

## CERTIFICATE OF SERVICE

    The undersigned attorney certifies that the foregoing was filed on June 23, 2022, using the Court's CM/ECF system, which automatically serves a copy upon each counsel of record.

                                                    /s/ Phillip A. Bock