UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| OAK PARK ANIMAL HOSPITAL, LTD., *individually and on behalf of a class of similarly situated persons*, <br><br> Plaintiff, <br><br> v. <br><br> SPECTRUM VETERINARY, LLC, and NEXTMUNE US, LLC, <br><br> Defendants. | No. 22 C 2213 <br><br> Judge Sara L. Ellis |

## OPINION AND ORDER

Plaintiff Oak Park Animal Hospital, Ltd. ("OP"), brings this lawsuit, pursuant to the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"), on behalf of itself and a putative class of similarly situated individuals against Defendants Spectrum Veterinary, LLC, and Nextmune US, LLC ("Nextmune"), based on a facsimile it received in March 2020. Defendant Nextmune[1] moves to dismiss on the basis the facsimile is not an advertisement under the TCPA. For the following reasons, the Court denies Nextmune's motion.

## BACKGROUND[2]

On March 20, 2020, OP received a facsimile from "spectrum vet, a nextmune company."

---

[1] The motion is brought on behalf of "Defendant Nextmune US, Inc., f/k/a Spectrum Veterinary, LLC." Doc. 23 at 1.

[2] The Court takes the facts in the background section from OP's amended complaint and presumes them to be true for the purpose of resolving Nextmune's motion to dismiss. *See Phillips v. Prudential Ins. Co. of Am.*, 714 F.3d 1017, 1019–20 (7th Cir. 2013). Although the Court normally cannot consider extrinsic evidence without converting a motion to dismiss into one for summary judgment, *Jackson v. Curry*, 888 F.3d 259, 263 (7th Cir. 2018), the Court may consider "documents that are central to the complaint and are referred to in it" in ruling on a motion to dismiss, *Williamson v. Curran*, 714 F.3d 432, 436 (7th Cir. 2013). The Court "may also take judicial notice of matters of public record." *Orgone Cap. III, LLC v. Daubenspeck*, 912 F.3d 1039, 1043–44 (7th Cir. 2019).

Doc. 21-1 at 2. OP is a veterinary clinic and animal hospital. Spectrum Veterinary, a subsidiary of Nextmune, is a specialty-pharmaceutical company that conducts animal allergy testing and allergen-specific immunotherapy. The fax read:

> IMPORTANT SERVICE LEVEL ANNOUNCEMENT
>
> We are still processing all allergy testing and treatment set orders as they come in, even though a majority of our employees are working remotely.
>
> We remain committed to delivery on our promised service level agreements of:
> - 7 business days from receipt on testing results
> - 10–12 business days on treatments/refills/sublingual
>
> HOWEVER THIS CAN CHANGE AT ANY MOMENT
>
> For the most current information, including updates to our service levels, hours, etc., please visit our Facebook page at:
>
> [listing facebook URL, phone number, and email address].

*Id*. Nextmune was not processing any allergy testing or treatment set orders for OP when it sent the fax. Nextmune did not address the fax to any person at OP and the fax did not mention any animal patient or ongoing business. The fax contained no opt-out notice. Nextmune did not have OP's prior express permission to send advertising materials via facsimile. OP alleges on information and belief that Nextmune sent this fax to over 40 recipients through a fax broadcaster. Nextmune sent the fax seven days after the United States declared a nationwide emergency due to the emerging COVID-19 pandemic.[3]

In March 2022, OP filed, in the Lake County Circuit Court, a lawsuit on behalf of itself and a putative class of others who received a similar fax. Doc. 1 at 7. Nextmune removed the

---

[3] www.cdc.gov/museum/timeline/covid19.html (last accessed Sept. 29, 2022). The Court may take judicial notice of this information from the United States Centers for Disease Control and Prevention's website. *Bar Indy LLC v. City of Indianapolis*, 508 F. Supp. 3d 334, 338 (S.D. Ind. 2020) ("The Court takes judicial notice of the data on the CDC website.").

2

lawsuit to this Court, and OP filed an amended complaint.  Docs. 1, 21.

## LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint, not its merits.  Fed. R. Civ. P. 12(b)(6); *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990).  In considering a Rule 12(b)(6) motion, the Court accepts as true all well-pleaded facts in the plaintiff's complaint and draws all reasonable inferences from those facts in the plaintiff's favor.  *Kubiak v. City of Chicago*, 810 F.3d 476, 480–81 (7th Cir. 2016).  To survive a Rule 12(b)(6) motion, the complaint must assert a facially plausible claim and provide fair notice to the defendant of the claim's basis.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Adams v. City of Indianapolis*, 742 F.3d 720, 728–29 (7th Cir. 2014).  A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

## ANALYSIS

Nextmune moves to dismiss on the basis that this fax does not qualify as an advertisement under the TCPA.  The TCPA makes it unlawful "to use any telephone facsimile machine, computer, or other device to send, to a telephone facsimile machine, an unsolicited advertisement."  28 U.S.C. § 227(b)(1)(C). An exception exists if the "unsolicited advertisement is from a sender with an established relationship with the recipient," the sender obtained the fax number through the established business relationship or from a directory, advertisement, or website to which the recipient voluntarily agreed to make its fax number available for public distribution, and the advertisement contains an opt-out notice.  *Id.*  An unsolicited advertisement is defined as "any material advertising the commercial availability or quality of any property,

3

goods, or services which is transmitted to any person without that person's prior express invitation or permission, in writing or otherwise." *Id.* § 227(a)(5).

Nextmune argues that the language of the message, in the context of the COVID-19 pandemic, with the absence of an allegation that OP and Nextmune did *not* have an existing commercial relationship, shows the fax is an informational message to customers about Nextmune's service levels, not an advertisement under the TCPA. The fax bore the title "Important Service Level Announcement," and informed the reader that Nextmune was still processing allergy testing and treatment set orders as received, although the majority of its employees were working remotely. Doc. 21-1 at 2. The fax stated Nextmune's commitment "to delivery on our promised service level," listing specific timeframes for testing analysis and treatment fulfillment, then warned that these timeframes could "change at any moment," and directed the reader to its Facebook page for the most up-to-date information on "service levels, hours, etc." *Id.* It then stated: "Feel free to contact us" via phone or email and listed that contact information. *Id.*

As an initial matter, the fax did not contain "opt out" language; therefore, the established business relationship exception of Section 227(b)(1)(C) does not apply. Furthermore, the parties dispute whether they had an existing business relationship: OP carefully pleads that "Defendants were not processing any allergy testing or treatment set orders for Plaintiff at the time when they sent the fax," and Nextmune places great emphasis on OP's failure to avow *the lack* of an existing relationship in the current complaint. On a motion to dismiss, the Court is bound by the amended complaint and must draw all inferences in OP's favor. *Kelley v. Crosfield Catalysts*, 135 F.3d 1202, 1204 (7th Cir. 1998) ("It is well-established that an amended pleading supersedes the original pleading[.]"); *Rock River Health Care, LLC v. Eagleson*, 14 F.4th 768, 772 (7th Cir.

4

2021) (at the motion to dismiss stage, the court takes all reasonable inferences in the plaintiff's favor). The Court declines to draw the inference that the parties had a pre-existing business relationship because the amended complaint does not explicitly deny it.[4]

OP argues that the plain language of the fax shows it to be about the "availability" of Nextmune's allergy testing and treatment services and the "quality" of those services, so it is an advertisement under Section 227(a)(5). The Court does not agree that this fax concerns the "quality" of Nextmune's services. Rather, the message discusses anticipated service turn-around times (because most employees would be working from home) and directs the recipient to its Facebook page for the latest scheduling information. While Nextmune's services are the subject of this fax, this communication is more akin to an update about delivery schedules rather than "invitation to do business" stating that orders could be accepted via website or phone because a company's email was not working. *Compare P&S Printing LLC v. Tubelite, Inc.*, No. 3:14-CV-1441 VAB, 2015 WL 4425793, at *5 (D. Conn. July 17, 2015) ("This delivery schedule message does not constitute an 'advertisement' as a matter of law, because it does not tend to propose a commercial transaction and does not appear on its face to have been sent based on a commercial pretext."), *with Alpha Tech Pet, Inc. v. Lagasse, LLC*, 205 F. Supp. 3d 970, 973 (N.D. Ill. 2016) (rejecting argument that fax notifying customers of email outage and to therefore place orders by phone or online was merely informational rather than an "invitation to do business" (citation omitted) (internal quotation marks omitted)).

---

[4] The Court acknowledges Nextmune's cited authority that does make that inference and respectfully disagrees. *See Physicians HealthSource, Inc. v. MultiPlan Servs., Corp.*, No. CIV.A. 12-11693-GAO, 2013 WL 5299134, at *2 (D. Mass. Sept. 18, 2013) ("The plaintiff pleads no facts that either confirm or deny that such an account exists. Beyond the plaintiff's conclusory allegation that the facsimile in question was an unsolicited advertisement, there are no facts to support that the facsimile was anything other than a transactional communication sent pursuant to an existing business relationship between Dr. Elwert and MultiPlan.").

Nextmune next argues that the fax fits within either of two exceptions created by the 2006 FCC Final Rule. The first is the "transaction notice exception," "which states in part that faxes are not advertisements so long as they 'notify the recipient of a change in terms or features regarding an account, subscription, membership, loan or comparable ongoing relationship, in which the recipient has already purchased or is currently using the facsimile sender's product or service.'" *James L. Orrington, II, D.D.S., P.C. v. Scion Dental, Inc.*, No. 17 CV 884, 2019 WL 4934696, at *4 (N.D. Ill. Oct. 7, 2019) (quoting Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991; Junk Fax Prevention Act of 2005, 71 Fed. Reg. 25967, 25973 (May 3, 2006) (the "2006 FCC Rule")).[5] As OP points out, the amended complaint does not plead any business relationship; therefore, the Court cannot find, at this point as a matter of law, that the transaction notice exception applies. Nextmune counters that OP pleads that it did not have any open testing orders, not a lack of an account or prior purchases, which would create the on-going relationship. Again, though, the Court will not draw that negative inference at this procedural posture. Minimal discovery will reveal whether the parties had a business relationship that would likely qualify under this exception.

The 2006 FCC Rule also created an "informational notice exception," for communications "that contain only information, such as industry news articles, legislative updates, or employee benefit information." *Id.* (citation omitted) (internal quotation marks

---

[5] OP invites the Court to disregard this FCC final rule by following dicta in *Ira Holtzman, C.P.A., & Assocs. Ltd. v. Turza*, 728 F.3d 682, 688 (7th Cir. 2013). Although in *Turza* the Seventh Circuit criticized the 2006 Rule's informational exception, it did not overrule it. Therefore, this Court must follow the FCC Rule. *See Snyder v. Ocwen Loan Servicing, LLC*, 258 F. Supp. 3d 893, 906 (N.D. Ill. 2017) ("[F]inal orders issued by the FCC are binding on this court under the Hobbs Act, 28 U.S.C. § 2341(1). Thus the Court must adhere to the FCC's 2015 ruling so long as it is valid law." (citing *CE Design, Ltd. v. Prism Bus. Media, Inc.*, 606 F.3d 443, 450 (7th Cir. 2010))); *Grind Lap Servs., Inc. v. UBM LLC*, No. 14 C 6448, 2015 WL 6955484, at *3 (N.D. Ill. Nov. 10, 2015) (rejecting identical argument and refusing to follow *Turza*); *Frausto v. IC Sys., Inc.*, No. 10 CV 1363, 2011 WL 3704249, at *2 (N.D. Ill. Aug. 22, 2011) ("The FCC's declaratory rulings on this subject bind me pursuant to the Hobbs Act.").

omitted). The Court finds this fax does not fit within the usual "informational notice" format of a bulletin or newsletter. *See Able Home Health, LLC v. Onsite Healthcare, Inc., S.C.*, No. 16-CV-8219, 2017 WL 2152429, at *3 (N.D. Ill. May 17, 2017) (rejecting argument that fax stating new doctor joined practice group, with referral hotline, was merely informational).

On balance, the Court cannot say, as a matter of law, that OP has pleaded itself out of court. While a commonsense reading of the fax shows it to be a service update sent to existing customers in light of the COVID-19 pandemic, at the motion to dismiss stage, the Court cannot resolve the parties' factual dispute about their business relationship.

## CONCLUSION

For the foregoing reasons, the Court denies Nextmune's motion to dismiss [23].

Dated: October 17, 2022

SARA L. ELLIS
United States District Judge